```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
THOMAS McCOY,                                               :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                    Plaintiff,              :
                                                            :    13 Civ. 5247 (BMC) (LB)
                    - against -                             :
                                                            :
NYPD 72nd PRECINCT, NYPD 79th                               :
PRECINCT,                                                   :
                                                            :
                                    Defendants.             :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff *pro se* brings this action against two New York City Police Department precincts. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff is granted 20 days leave to amend his complaint as detailed below. Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renewal at a later time.

## BACKGROUND

Plaintiff alleges that he was pulled over while driving near 53rd-56th Streets and 3rd Avenue in Brooklyn between 10:00 p.m. and 12:00 a.m. on May 12, 2013. He states that he "was being pulled over for suspended license and having a clear cover over my temporary plates." He alleges that he was searched, then maced, then "thrown on the ground and dragged and stomped on by numberous [*sic*] officers on my face & body & RT hand until I was put unconscious." He alleges that he suffered injury to his right shoulder, his right hand, his right knee, the right side of his stomach, and to his cranium. He states that he was evaluated and treated by medical providers at Lutheran Hospital and at the clinic at Rikers Island.

Plaintiff also describes a second incident that took place at about 2:00 a.m on May 20, 2013, at Atlantic Avenue and Nostrand Avenue in Brooklyn. Plaintiff alleges that he was arrested by the 79th Precinct "on trumped up charges" of fourth degree grand larceny and third degree criminal mischief. He asserts that the charges were subsequently dropped. He alleges that as a result of this arrest, he suffered mental stress and "the fear of police authority."

Plaintiff seeks compensation of $300,000 for medical expenses and mental stress. He also requests "a form of apology and a good reason for the excessive force & unlawful arrest."

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a case where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

At the pleading stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). Similarly, a

2

complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1955).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006).

Plaintiff's claim that his constitutional rights were violated may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. In order to bring a claim pursuant to § 1983, a plaintiff must also show that each of the named individuals is personally liable for the alleged harm. See McFadden v. City of New York, No. 10-CV-01176, 2010 WL 1930268, at *3 (E.D.N.Y. May 11, 2010).

To prevail on a claim for false arrest, plaintiff must demonstrate the absence of probable cause to arrest. See Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Id. at 119 (internal quotations omitted). A subsequent conviction on the charges upon which a plaintiff was arrested could also

demonstrate probable cause sufficient to defeat a claim for false arrest.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (citing Broughton v. State, 37 N.Y.2d 451, 458, 225 N.E.2d 310, 315 (1975)); Roesch v. Otarola, 980 F.2d 850, 852–53 (2d Cir. 1992) (holding that favorable termination of the underlying criminal proceeding is an element of a false arrest claim).

But there are problems with plaintiff's complaint.  The complaint does not name any individual defendants, even as John Does.  The police department and police precincts or subdivisions are not suable entities.  The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency."  N.Y. City Charter § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  Although the City of New York may be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36 (1978).  Plaintiff does not allege any policy or custom attributable to the City.  Accordingly, the 72nd and 79th Precincts are dismissed as defendants, and the City of New York will not be substituted.

In light of plaintiff's *pro se* status, the court grants leave to amend the Complaint to identify the individuals whom plaintiff believes to have been responsible for the alleged deprivation of his constitutional rights.  Even if plaintiff does not know the names and badge numbers of each of these individuals, he may identify each of them as John Doe Police Officer #1, or the like, along with any description he can give and the role each of them played in these incidents.  He must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of his civil rights.

## CONCLUSION

For the reasons identified above, the Court finds that plaintiff has failed to state a claim against the named defendants. The Court grants plaintiff leave to file an amended complaint as directed by this order within 20 days of the date of this order. The amended complaint must be captioned, "Amended Complaint" and shall bear the same docket number as this order. The Amended Complaint shall completely replace the original complaint. If plaintiff fails to file an amended complaint within 20 days, the action shall be dismissed without prejudice and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for 20 days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      October 18, 2013